IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LEE SCOTT,

    Plaintiff,                                      No. CIV S-06-0832 FCD  PAN (GGH) PS

    vs.

KARL F. JACOBSON,                   FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        Defendant removed this action from La Plata County District Court, a Colorado state court, on April 18, 2006, and filed an application to proceed in forma pauperis. On May 16, 2006, plaintiff moved to remand this action back to state court. These matters came on regularly for hearing on July 27, 2006. Plaintiff was represented by Karen Bettencourt; defendant, who is proceeding in pro se, represented himself.

BACKGROUND

        Plaintiff filed this action in La Planta County District Court on March 13, 2006 (Case No. 06CV62), and served the summons and complaint upon defendant on March 19, 2006. The action seeks adjudication of the parties' rights regarding real property; plaintiff seeks to quiet title, be adjudged the owner in fee simple of the subject property and entitled to its possession.

\\\\\

1

The complaint incorporates a copy of the parties' September 2001 contract which notes an appraised value of the property at $200,000.

Defendant has attached to his Notice of Removal an "Answer and Counterclaims" (this document was filed neither in this court nor the Colorado court) which asserts state law claims for breach of contract, breach of fiduciary duty, promissory estoppel, fraud and specific performance; defendant seeks an order compelling plaintiff's sale of the property to defendant.

Defendant removed this action pursuant to 28 U.S.C. § 1441(b).

Plaintiff seeks remand pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), and seeks $978.00 attorney fees pursuant to 28 U.S.C. 1447(c).

Plaintiff's motion to remand is timely made. See 28 U.S.C. § 1447(c) (motion to remand must be filed within thirty days after the filing of the notice of removal). See also 28 U.S.C. § 1446(b) (notice of removal also timely because filed within thirty days after receipt of initial pleading).

LEGAL STANDARDS

A federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)). Courts should resolve doubts as to removability in favor of remanding the case to state court. Gaus v. Miles, 980 F.2d at 566.

\\\\\

\\\\\

ANALYSIS

Defendant's asserted basis for removal is diversity of citizenship (plaintiff is domiciled in Colorado, defendant in Sacramento, California) coupled with the matter in controversy exceeding $75,000 in value.[1]  These factors satisfy the criteria for a federal court's diversity jurisdiction (28 U.S.C. § 1332), and permit removal if properly made.

Title 28 U.S.C. § 1441(a) broadly permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," viz., any case that could have been initially filed in federal court, whether based on federal question or diversity jurisdiction.  However, § 1441(a) restricts all removals "to the district court of the United States for the district and division embracing the place where such action is pending."  Accord, 28 U.S.C. § 1446(a) (requiring that notices of removal be filed "in the district court of the United States for the district and division within which such action is pending").

Diversity cases are subject to further removal restrictions pursuant to 28 U.S.C. § 1441(b).  While the first sentence of this provision permits federal question cases to be removed without regard to citizenship or residence, the second sentence prohibits removal if any proper defendant is a citizen of the state in which the action was brought (subject to the multiparty and multiforum exceptions set forth in § 1441(e), not applicable here).  "When federal-court jurisdiction is predicated on the parties' diversity of citizenship, see § 1332, removal is permissible 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought.' § 1441(b)."  Lincoln Property Co. v. Roche, 126 S. Ct. 606, 610, _ U.S. _ (2005).  Section 1441(b) therefore precludes removal if any proper defendant is a citizen of the forum state.  The purpose of the rule is to strike a balance in forum shopping.  "While § 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction, § 1441 gives defendants a corresponding opportunity."  Id., at 613.  However, "[t]he

---

[1] Plaintiff does not contest defendant's representation these jurisdictional prerequisites are met.

3

scales are not evenly balanced . . . An in-state plaintiff may invoke diversity jurisdiction," id., while an in-state defendant may not; the latter's status does, however, guarantee the case remain in a local, albeit state, court.

Defendant's removal of this case pursuant to § 1441(b) and his singular reliance on Roberti v. Longworth, 164 F. Supp. 2d 395, 396 (S.D.N.Y. 2001), are misplaced. All removals must be made pursuant to §§ 1441(a) and 1446(a), which require, in this instance, that plaintiff file his notice of removal in the U.S. District Court for the District of Colorado (i.e., "the district court of the United States for the district and division embracing the place where such action is pending"). Defendant erred in removing this action to this court and, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the case must be remanded.

Roberti v. Longworth, does not change this result. As other authorities have recognized, the decision appears to be incorrect.[2] In Roberti, plaintiffs filed an action pursuant to 42 U.S.C. § 1983 against defendant police officers and the city of the officers' employment, alleging illegal search, arrest and detention. Plaintiffs filed their action in the state court sitting within the county of plaintiffs' residence where the alleged illegal acts occurred (Greene County). Citing 28 U.S.C. § 1441(b), defendants removed the action to the U.S. District Court for the Southern District of New York, which embraced the city and county of defendants' employment (Westchester County) (defendants had crossed county lines to investigate a homicide). Plaintiffs moved to remand the case back to the Greene County state court or to transfer it to the U.S. District Court for the Northern District of New York (in which Greene County sits). The Southern District denied remand, leaving open the issue of an interdistrict transfer. The court rejected plaintiffs' reliance on § 1441(a), and instead relied on § 1441(b), cited by defendants in

---

[2] See Lynch v. Waldron, 2005 WL 1162453(S.D.N.Y.,2005), n. 1: "The only case of which this Court is aware that has permitted removal to a district other than that designated by § 1446(a), Roberti v. Longworth, 164 F.Supp.2d 395, 396-97 (S.D.N.Y.2001), has been described by a leading treatise as "patently incorrect." 14C Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d, § 3726, at 122 & n. 5.1 (2004 Pocket Part).

4

their removal notice.  The court found it significant that § 1441(b) did not include the language of § 1441(a) limiting removal "to the district court of the United States for the district and division embracing the place where such action is pending," found the absence of this language intentional, and broadly concluded that § 1441(b) therefore "allows removal without limitation to any federal court" provided it has "personal jurisdiction over the parties" and can conduct a trial that "comport[s] generally with due process." 164 F. Supp. 2d at 396.  Satisfied that both factors were met, the Roberti court denied remand.

       The Roberti court failed to recognize the application of §§ 1441(a) and 1446(a) to all removals.  As discussed by the Supreme Court in Lincoln Property, supra, § 1441(b) is not an alternate removal statute but a qualifying or limiting statute, defining the role of the parties' citizenship in the application of § 1441(a).  Hence, while Roberti supports defendant's reliance upon § 1441(b), Roberti itself is unsupportable.  This case is removable only to the U.S. District Court for the District of Colorado.  28 U.S.C. §§ 1441(a), 1446(a).

       This result is further warranted by the fundamental prerequisite that the court deciding this matter have control over the property at issue.  Traditional in rem jurisdiction is established when the subject property is located within the court's territorial borders.  Pennington v. Fourth National Bank, 243 U.S. 269, 37 S. Ct. 282 (1917) (bank deposit); see also, Porter v. Wilson, 419 F.2d 254, 258 (9th Cir. 1969) ("[a] quasi-in-rem judgment by a court with jurisdiction over the property conclusively determines the interests in the property of the parties named and is entitled to full faith and credit to the extent of the named defendants' interest in the property" (ownership in hotel)); U.S. v. $57,480.05 U.S. Currency and Other Coins, 722 F.2d 1457, 1458 (9th Cir. 1984) (in rem jurisdiction of court derives entirely from its control of the res (civil forfeiture action)).[3]  Thus, it is unclear whether this district court has the "territorial

---

[3] Even if this action could be removed to this court, transfer to the U.S. District Court for the District of Colorado would be warranted based upon applicable venue considerations.  See 28 U.S.C. § 1391(a)(2) (civil action wherein jurisdiction is predicated upon diversity may be brought only in a judicial district in which "a substantial part of the property that is the subject of

jurisdiction" to adjudicate rights to real property located outside the situs state. Schwarzer, et al., Fed. Civ. Pro. Before Trial, § 3.218. Colorado's jurisdictional retention of this case is also underscored by the reality that neither party asserts this action involves other than Colorado law. "[I]t is the rare state quiet title action that involves contested issues of federal law." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, __, 125 S. Ct. 2363, 2371 (2005). Remand to the court from whence this action arose, Colorado state court, is the only appropriate remedy.

Finally, plaintiff seeks $978.00 attorney fees pursuant to 28 U.S.C. § 1447(c), which provides that "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff has filed the declarations of his counsel, Tory Griffin and Karen Bettencourt, who state, respectively, that they spent one hour (at $275 per hour) and 3.8 hours (at $185 per hour) on this motion. Although bad faith need not be shown for an award of fees and costs under § 1447(c), the court must assess the reasonableness of the attempted removal. See, Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 446-47 (9th Cir.1992). An award of fees under this statute is not intended as a punitive measure but as reimbursement for unnecessary litigation costs. Id., at 447. The court finds that defendant's reliance on Roberti was reasonable under the circumstances and, therefore, that the fee request should be denied.

CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand be granted and this action summarily remanded to Colorado's La Plata County District Court;

2. Defendant's application to proceed in forma pauperis be denied;

3. Plaintiff's motion for attorney fees be denied;

---

the action is situated").

1      4. The Clerk be directed to serve a certified copy of this order to the clerk of the
2  La Planta County District Court and reference the state case number  (Case No. 06CV62) in the
3  proof of service; and
4      5. The Clerk be directed to close this case.
5      These findings and recommendations are submitted to the Honorable Frank C.
6  Damrell, Jr., the United States District Judge assigned to the case, pursuant to the provisions of
7  Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and
8  recommendations, any party may file written objections with the court and serve a copy on all
9  parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
10 Recommendations."  Any reply to the objections shall be served and filed within ten (10) days
11 after service of the objections.  The parties are advised that failure to file objections within the
12 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
13 F.2d 1153 (9th Cir. 1991).
14  DATED: 8/2/06
                                                /s/ Gregory G. Hollows
15                                              _____
                                                GREGORY G. HOLLOWS
16                                              U. S. MAGISTRATE JUDGE
17 NOW6:SCOTT.final